IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 21-0577

_____

FILED

**March 21, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
MARCH-WESTIN COMPANY, INC.,
Petitioner

v.

THE HONORABLE PHILLIP D. GAUJOT,
JUDGE OF THE CIRCUIT COURT OF
MONONGALIA COUNTY, and DAVID RAYMOND WESTON,
Respondents

_____

ORIGINAL PROCEEDINGS IN PROHIBITION

WRIT GRANTED

_____

Submitted: January 11, 2022
Filed: March 21, 2022

Keith C. Gamble, Esq.
Pullin, Fowler, Flanagan, Brown & Poe,
PLLC
Morgantown, West Virginia
Counsel for Petitioner, March-Westin
Company, Inc.

Eric M. Hayhurst, Esq.
Hayhurst Law, PLLC
Morgantown, West Virginia
Counsel for Respondent David Raymond
Weston

JUSTICE ARMSTEAD delivered the Opinion of the Court.

CHIEF JUSTICE HUTCHISON concurs in part and dissents in part and reserves the
right to file a separate Opinion.

JUSTICE ALAN D. MOATS, sitting by temporary assignment, not participating.

i

# SYLLABUS BY THE COURT

1.     "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression.  These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue.  Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight."  Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2.     In assessing percentages of fault under West Virginia Code § 55-7-13d (eff. 2016), the trier of fact must consider the fault of all persons who contributed to the alleged damages regardless of whether immunity or some other principle of law would prevent such a person from being named as a party to the suit.  Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice no later than one hundred eighty days after service of process

upon said defendant that a nonparty was wholly or partially at fault. W. Va. Code § 55-7-13d(a)(1) and (2).

3. When a defendant seeks to have fault assessed to a nonparty employer pursuant to West Virginia Code § 55-7-13d (eff. 2016), the defendant need not show that the nonparty employer's fault would satisfy the "deliberate intention" standard contained in West Virginia Code § 23-4-2 (eff. 2015). It is sufficient, rather, for the defendant to show that the nonparty employer's act or omission was a proximate cause of the employee's injury or death and was a breach of a legal duty *of some kind*. W. Va. Code § 55-7-13b (eff. 2015).

**Armstead, Justice:**

This original jurisdiction proceeding stems from a civil suit that Respondent David Raymond Weston filed in the Circuit Court of Monongalia County. Mr. Weston was employed by the Monongalia County Commission and was injured at work. After resolving his workers' compensation claim, he sued Petitioner, March-Westin Company, Inc., for further compensation. When March-Westin filed a notice pursuant to West Virginia Code § 55-7-13d (eff. 2016) regarding its belief that some or all of the fault in the matter should be assigned to the County Commission, Mr. Weston moved to strike the notice. The circuit court granted his motion to strike, concluding that fault could not be assigned to the County Commission and that, even if such fault could be assigned to the County Commission, March-Westin failed to allege deliberate intention on the part of the County Commission. March-Westin asks this Court to prohibit the circuit court from enforcing its order to strike and direct that the County Commission be included on the verdict form as a nonparty defendant to whom the jury may assign fault.

Based on the record before us, the arguments of the parties, and the applicable law, we find that the circuit court committed clear error in ruling that the County Commission could not be named as a nonparty defendant under West Virginia Code § 55-7-13d and, further, that the statute does not require March-Westin to meet the deliberate-intention standard in order for fault to be assigned to the County Commission. Accordingly, we grant the writ of prohibition and remand this case to the circuit court for further proceedings consistent with this opinion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, Monongalia County was renovating its courthouse plaza. March-Westin was the general contractor for the renovation project. To complete the project, a new gas meter was required, but the meter could not be installed until a light pole was removed. March-Westin's project superintendent cut the pole with a chain saw. Mr. Weston, who worked for the County Commission, lowered the pole to the ground with a rope and assistance from a second county employee. Mr. Weston was injured when a third County Commission employee picked up the bottom of the cut pole and "scooted it back."

Mr. Weston received workers' compensation benefits and was deemed to have 7% whole-person impairment due to the incident. After settling his workers' compensation claim, he sued March-Westin. Believing that the County Commission and its agents or employees were wholly or partially at fault for Mr. Weston's injuries, March-Westin filed a notice pursuant to West Virginia Code § 55-7-13d.[1] Mr. Weston moved to strike the notice and, after a hearing, the circuit court granted his motion.

The circuit court offered several reasons for granting the motion to strike. *First*, the court noted that, as a "political subdivision," the County Commission is "immune from liability" for any "loss or claim [that] results from . . . any claim covered by any workers'

---

[1] West Virginia Code § 55-7-13d requires the "the trier of fact" to "consider the fault of all persons who contributed to the alleged damages regardless of whether the person was or could have been named as a party to the suit" and provides that "[f]ault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice . . . that a nonparty was wholly or partially at fault." W. Va. Code § 55-7-13d(a)(1) & (2).

2

compensation law[.]" *See* W. Va. Code § 29-12A-5(a)(11) (eff. 1986). Because West Virginia Code § 55-7-13d "expressly preserves" immunities,[2] the circuit court determined that the statute does not allow fault to be apportioned to a statutorily immune party like the County Commission. *Second*, the circuit court reasoned that, even if fault could be assigned to the County Commission, the definition of "fault" contained in West Virginia Code § 55-7-13b (eff. 2015)[3] would require March-Westin to prove "deliberate intent" on the part of the County Commission, which March-Westin had failed to do. *Third*, the circuit court concluded that apportioning fault to the County Commission would result in an inequitable "double reduction" due to the employer's (or its workers' compensation carrier's) statutory right to recover workers' compensation benefits paid to Mr. Weston.[4]

---

[2] West Virginia Code § 55-7-13d(a)(4) states that "[n]othing in this section is meant to eliminate or diminish any defenses or immunities, which exist as of the effective date of this section, except as expressly noted herein[.]"

[3] West Virginia Code § 55-7-13b provides that

> "[f]ault" means an act or omission of a person, which is a proximate cause of injury or death to another person or persons, damage to property, or economic injury, including, but not limited to, negligence, malpractice, strict product liability, absolute liability, liability under section two, article four, chapter twenty-three of this code [W. Va. Code § 23-4-2] or assumption of the risk.

W. Va. Code § 23-4-2(c) (eff. 2015) authorizes liability for injury or death that results from an employer's "deliberate intention" "to produce the injury or death . . . ."

[4] W. Va. Code §23-2A-1(d) (eff. 2009) creates "a statutory subrogation lien upon . . . moneys received" when "an injured worker, his or her dependents or personal

(continued . . .)

3

Finally, the circuit court concluded that, due to the good-faith settlement of Mr. Weston's workers' compensation claim, March-Westin was forbidden to argue to the jury that the County Commission was at fault for Mr. Weston's injuries.[5] Accordingly, the circuit court, in a June 9, 2021 order, struck March-Westin's Section 13d notice, forbade placement of the County Commission on the verdict form, and prohibited March-Westin from arguing the County Commission's fault to the jury. March-Westin filed this writ petition, asking us to prohibit the circuit court from enforcing its order.

## II. STANDARD FOR ISSUANCE OF WRIT

By statute, a "writ of prohibition . . . lie[s] as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." W. Va. Code § 53-1-1 (eff. 1882).

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate

representative makes a claim against a third party . . . ." The lien "exist[s] in favor of the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable." *Ibid.*

[5] The circuit court based this conclusion on our holdings in Syllabus Point 2 of *Doe v. Wal-Mart Stores, Inc.*, 210 W. Va. 664, 558 S.E.2d 663 (2001) ("It is improper for counsel to make arguments to the jury regarding a party's omission from a lawsuit or suggesting that the absent party is solely responsible for the plaintiff's injury where the evidence establishing the absent party's liability has not been fully developed."), and Syllabus Points 5, 6, and 7 of *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.*, 182 W. Va. 597, 390 S.E.2d 796 (1990) (describing the effects of settlement on joint tort-feasor liability).

4

means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). With this standard of review in mind, we will consider March-Westin's petition.

## III. ANALYSIS

March-Westin seeks a writ that would prohibit the circuit court from enforcing the June 9, 2021 order "in any respect[.]" According to March-Westin, Section 13d authorizes a jury to assess fault to a nonparty, even if the nonparty is immune from liability and a jury need not find "deliberate intention" to assess fault to a nonparty employer. March-Westin further alleges that subrogation is a policy question for the Legislature and is "irrelevant" under Section 13d. Finally, March-Westin maintains that Section 13d authorizes it to argue the County Commission's fault to the jury, notwithstanding the County Commission's settlement of Mr. Weston's workers' compensation claim. Accordingly, March-Westin asserts that the circuit court's conclusions to the contrary are clear error. Mr. Weston rejects these assertions and claims

5

that March-Westin's concerns may be addressed on appeal. We agree with March-Westin and, for the reasons stated herein, grant the requested writ of prohibition.

## A. Assessment of Fault to an Immune Nonparty

The parties appear in agreement that the County Commission is immune from *liability* to Mr. Weston in this matter and that Mr. Weston cannot recover damages from the County Commission. West Virginia Code § 29-12A-5 plainly states that "[a] political subdivision is immune from liability if a loss or claim results from . . . [a]ny claim covered by any workers' compensation law or any employer's liability law[.]" W. Va. Code § 29-12-5(a)(11). Mr. Weston's injury is covered by the workers' compensation statute, and he received benefits under that statute. The question is whether the County Commission may be allocated *fault*, as an immune nonparty, in the context of Mr. Weston's claim against March-Westin. We conclude that fault may be allocated to the County Commission.

The West Virginia Code provides that

> In any action based on tort or any other legal theory seeking damages for personal injury, . . . recovery shall be predicated upon principles of comparative fault and the liability of each person, including plaintiffs, defendants and nonparties who proximately caused the damages, shall be allocated to each applicable person *in direct proportion to that person's percentage of fault*.

6

W. Va. Code § 55-7-13a(b) (eff. 2015) (emphasis added).[6]  The statute goes on to provide

that, "[i]n assessing percentages of fault, the trier of fact shall consider the fault of *all*

*persons* who contributed to the alleged damages *regardless of whether the person was or*

*could have been named as a party to the suit*[.]"  W. Va. Code § 55-7-13d(a)(1) (emphasis

added).  A prior settlement with a nonparty does not alter this rule.  Indeed, Section 13d

states that "[f]ault of a nonparty *shall be considered* if the plaintiff entered into a settlement

agreement with the nonparty . . . ."  W. Va. Code § 55-7-13d(a)(2) (emphasis added).  In

---

[6] As we explained in *State ex rel. Chalifoux v. Cramer*, this language resulted from

> major changes to this State's general liability statute, W. Va. Code § 55-7-1 to -31.  The changes abolished joint and several liability and instituted a new modified comparative fault system.  *See* W. Va. Code §§ 55-7-13 and 55-7-24; *see also* W. Va. Code § 55-7-13a, -13b, -13c, -13d.  Under the amended statute, liability is several and defendants are responsible for only their proportion of fault.  *See id.* § 55-7-13c.  Moreover, the new statute allows juries to consider the fault of non-parties. *See id.* § 55-7-13d.  Where a plaintiff has settled with a party or a non-party before the verdict, the plaintiff's recovery will be reduced in proportion to the percentage of fault assigned to the settling party or non-party.  *Id.*  Under this new framework, defendants no longer need to file third-party complaints against non-parties if they wish to assert claims for contribution to have fault assessed against other potentially liable parties and no longer need to give notice that they intend to have the fault of non-parties considered.  This procedure permits the jury to consider fault of all potentially liable parties.

No. 20-0929, 2021 WL 2420196, at *4 (W. Va. June 14, 2021) (memorandum decision).

the absence of a settlement, a defending party must give timely notice of its belief that a nonparty is at fault and state the basis for that belief. *Ibid.*

Section 13d is clear that an assessment of fault does not affect a nonparty's immunity. "Nothing in this section is meant to eliminate or diminish any defenses or immunities, which exist as of the effective date of this section, except as expressly noted herein[.]" W. Va. Code § 55-7-13d(a)(4). As if to make this doubly clear, Section 13d emphasizes that "findings of such fault do not subject any nonparty to liability in that or any other action," W. Va. Code § 55-7-13d(a)(5), and repeats that "[n]othing in this section alters, in any way, the immunity of any person as established by statute or common law[,]" W. Va. Code § 55-7-13d(g).

Immunities are not affected, and allocation of fault does not subject a nonparty to liability, because Section 13d is not concerned with assigning liability to nonparties. On the contrary, "[a]ssessments of percentages of fault for nonparties are used *only as a vehicle for accurately determining the fault of named parties*." W. Va. Code § 55-7-13d(a)(5). (emphasis added). As the United States District Court for the Northern District of West Virginia explains, in interpreting W. Va. Code § 55-7-13d,

> [t]he statute, at its core, seeks to establish by jury trial the truest and most accurate assessment of fault possible, but that finding is limited in its scope. Only **parties** to the case have their **liability** established by that apportionment. Non-parties are not bound nor can they be bound by any aspect of any verdict rendered pursuant to section 55-7-13d.

*Taylor v. Wallace Auto Parts & Servs., Inc.*, No. 2:19-CV-27, 2020 WL 1316730, at *2 (N.D.W. Va. Mar. 19, 2020).

8

A jury cannot accurately assess a named party's fault unless the jury also weighs the fault of every nonparty who may have contributed to the claimant's damages. As the statute clearly provides, and we accordingly hold, in assessing percentages of fault under West Virginia Code § 55-7-13d (eff. 2016), the trier of fact must consider the fault of all persons who contributed to the alleged damages regardless of whether immunity or some other principle of law would prevent such a person from being named as a party to the suit. Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault. W. Va. Code § 55-7-13d(a)(1) and (2). Because the County Commission is a legal entity whose alleged fault may have contributed to Mr. Weston's injury, we find that the circuit court committed clear error when it determined that the County Commission could not be identified as a nonparty to whom fault may be allocated under West Virginia Code § 55-7-13d.[7]

---

[7] We would emphasize, again, that our holding does not alter, in any way, the County Commission's statutory immunity from liability and that an immune nonparty's fault is relevant solely as a means of determining the fault of parties to the action. As *Taylor* rightly explains,

> [a]llowing the jury to assign fault to [a nonparty employer] does not diminish [the nonparty employer]'s defenses or immunities or subject it to liability. Instead, the process required by statute seeks to *set the level of fault attributable to Defendant*, and Plaintiff's recovery *from Defendant* will be confined by that percentage – exactly as contemplated and

(continued . . .)

## B. Proof of "Deliberate Intention"

March-Westin contends that the County Commission bears some fault in connection with Mr. Weston's injury. Clearly, West Virginia workers' compensation law provides that Mr. Weston cannot recover compensation directly from the County Commission unless his injury resulted from the County Commission's "deliberate intention . . . to produce [his] injury or death . . . ." W. Va. Code § 23-4-2(c) (eff. 2015). However, the question before us is whether the County Commission's statutory immunity from liability, absent a showing of "deliberate intention," means that March-Westin must prove "deliberate intention" on the part of the County Commission before fault may be allocated to the County Commission under Section 13d?

In order to answer this question we must consider the statutory definition of "fault." West Virginia Code § 55-7-13b provides that "fault" is "an act or omission of a person, which is a proximate cause of injury or death to another person" and that such fault "includ[es], but [is] not limited to," such things as "negligence, malpractice, strict product liability, absolute liability, liability under section two, article four, chapter twenty-three of this code [W. Va. Code § 23-4-2, i.e., "deliberate intention"] or assumption of the risk."

---

> provided for by the statute. Regardless of whether Plaintiff would be able to file suit directly against [the nonparty employer], section 55-7-13d provides that [the nonparty employer] may be placed on the verdict form *for purposes of assessing the percentages of fault attributable to the parties* for the subject incident here.

*Taylor*, No. 2:19-CV-27, 2020 WL 1316730, at *2 (emphasis added) (footnote omitted).

The circuit court concluded that this definition requires March-Westin to prove deliberate intention because "the Legislature specifically chose language linking 'fault' for employers to the burdens of proof under W.Va. Code § 23-4-2." Mr. Weston likewise urges us to read Section 13b's definition of "fault" in *pari materia* with related statutory provisions that address the burden of proof and define "comparative fault."

We believe that the circuit court and Mr. Weston are mistaken. Under Section 13b, "'[f]ault' *means* an act or omission of a person, *which is a proximate cause* of injury or death to another person" and that breaches a legal duty *of some kind*. W. Va. Code § 55-7-13b (emphasis added). Although proximate causation occurs in a variety of contexts where *liability* is assigned based on such theories as negligence, malpractice, strict liability, and deliberate intention, the essence of *fault* is an act or omission that proximately causes harm; any breach of a legal duty to the plaintiff is sufficient if it is a proximate cause of the plaintiff's injury regardless of whether the person breaching the duty may be entitled to immunity from liability. This does not mean, however, that *fault* and *liability* are the same. They are not. As the United States District Court for the Northern District of West Virginia has observed, "[f]ault under this section may include the definition of liability under § 23-4-2, but it is not identical to it." *Metheney v. Deepwell Energy Servs., LLC*, No. 5:20-CV-54, 2021 WL 2668821, at *7 (N.D.W. Va. June 29, 2021). "Indeed, if significance and effect are to be given to every section of the statute, fault and liability must be distinct[.]" *Ibid.*

11

Mr. Weston contends, however, that "[i]t would be an absurd and unjust reading of the Statute if [a] defendant is not required to prove fault to the same degree" as a plaintiff employee would have to prove if he or she could have "named the employer as a defendant in the first instance." This argument, however, misunderstands both Section 13d and the "deliberate intention" provisions of West Virginia Code § 23-4-2.

As we have stated above, allocation of fault under Section 13d is strictly a matter of "determining the fault of named parties" by reducing such fault by the degree of *fault* (rather than liability) of nonparties to the action. W. Va. Code § 55-7-13d(a)(5). The *Taylor* court explains this well in a similar context:

> CRCC [the nonparty employer] is not being hailed to court "to respond in damages at common law or by statute." Instead, Defendant seeks, pursuant to a clear and applicable statute, to have the fault assessed in this case among all persons or parties who may have contributed to the incident made subject of this litigation. Such is Defendant's right under section 55-7-13d. The only entity possibly "liable to respond in damages" in this case is Defendant. *Because the only liability (as opposed to assessment of fault) to be established here is the fault of the non-employer Defendant, the elements of deliberate intent need not be alleged for Defendant to avail itself of section 55-7-13d of the West Virginia Code.*

*Taylor*, No. 2:19-CV-27, 2020 WL 1316730, at *3 (emphasis added).

Furthermore, "deliberate intention" liability under West Virginia Code § 23-4-2 is a means of overcoming statutory immunity and has no relevance to the degree of March-Westin's fault in this matter. Under West Virginia Code § 23-4-2, an employee exchanges the common law right to sue his or her employer for the statutory right to receive compensation via the workers' compensation system, even if the employee or a co-worker

12

is at fault for the injury. *See* W. Va. Code § 23-4-2(d)(1).[8] The employer, in turn, exchanges common law defenses for conditional statutory immunity. *See* W. Va. Code § 23-2-6 (eff. 2003). Under the workers' compensation statute, "deliberate intention" liability serves as an exception to the general rule of statutory immunity and authorizes an employee to seek excess compensation in circumstances where the employer's culpability is egregious.[9] Thus, requiring a defendant to prove "deliberate intention" on the part of a nonparty employer would shift all of the nonparty employer's fault to the defendant in all but the most egregious cases of misconduct by the nonparty employer with no corresponding benefit to the defendant. To do so would defeat the express purpose of Section 13d which is to determine the defendant's degree of *fault* by allocating the respective degrees of *fault* of any named defendants and other nonparties whose wrongful acts proximately caused the injury. Such result would amount to an "absurd and unjust" misuse of the workers' compensation deliberate intent statute—a statute primarily designed not to determine respective degrees of fault, but instead to provide an employee an exception to his or her employer's immunity from liability.

---

[8] No compensation, however, is available for personal injury or death caused by an employee's self-inflicted injury or intoxication. W. Va. Code § 23-4-2(a).

[9] *See* W. Va. Code § 23-4-2(c) and (d)(2) (authorizing an action "for any excess of damages over the amount received . . . in a claim for benefits under" Chapter 23 and defining "deliberate intention" as a "consciously, subjectively and deliberately formed intention" to injure or kill an employee or knowing exposure of an employee to a "specific unsafe working condition" that presents "a high degree of risk and a strong probability of serious injury or death").

13

Accordingly, we hold that when a defendant seeks to have fault assessed to a nonparty employer pursuant to West Virginia Code § 55-7-13d (eff. 2016), the defendant need not show that the nonparty employer's fault would satisfy the "deliberate intention" standard contained in West Virginia Code § 23-4-2 (eff. 2015). It is sufficient, rather, for the defendant to show that the nonparty employer's act or omission was a proximate cause of the employee's injury or death and was a breach of a legal duty *of some kind*. W. Va. Code § 55-7-13b (eff. 2015). Such a showing allows the defendant to present evidence as to the nonparty's degree of fault in order to offset the defendant's degree of fault. Because the circuit court concluded otherwise—and because find we find that this was clear error— we grant March-Westin's petition and prohibit the circuit court from enforcing its June 9, 2021 order striking March-Westin's notice under West Virginia Code § 55-7-13d.

## C. Allegations of "Double Reduction"

The circuit court further found that apportioning fault to the County Commission would result in an inequitable "double reduction" due to the County Commission's (or its workers' compensation carrier's) statutory right to recover workers' compensation benefits paid to Mr. Weston. This determination by the circuit court likewise was clearly erroneous.

The statute at issue here is clear and unambiguous, and the express provisions of § 55-7-13d govern the allocation of fault in this action. It is not our role to rewrite the statute in order to reach a result that Mr. Weston maintains would be preferable to that reached by clear application of the statute. As we have emphatically stated, we do "not sit

14

as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation." Syl. Pt. 2, in part, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009). Thus, we will not rush to find absurdity in a statute, particularly when the "solution plaintiff proposes creates its own absurdity: that defendants be liable for their own portion of fault *and* for [the County Commission]'s portion of fault, at odds with § 55-7-13d." *Metheney*, No. 5:20-CV-54, 2021 WL 2668821, at *7. Like the *Metheney* court, we also believe that the "the propriety of the lien . . . is outside the scope of the instant motion" to strike March-Westin's Section 13d notice. *Ibid.*

If, as the circuit court suggests, the language of § 55-7-13d may have an unrelated or unanticipated impact on other pre-existing statutes, it is within the purview of the Legislature to address such consequences, should it wish to do so. For us to ignore the clear meaning of § 55-7-13d and rewrite it in order to reach the result urged by Mr. Weston, would be a quintessential example of this court imposing its will as a "superlegislature." We decline the invitation to do so.[10]

---

[10] As for March-Weston's remaining assignment of error, we agree that the circuit court committed clear error when it determined that the County Commission's settlement of Mr. Weston workers' compensation claim prevents March-Westin from arguing the County Commission's fault to the jury. West Virginia Code § 55-7-13d(a)(2) provides that "[f]ault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty . . . ." To the extent that Syllabus Point 2 of *Doe v. Wal-Mart Stores, Inc.*, 210 W. Va. 664, 558 S.E.2d 663 (2001), suggests that assertions regarding the County Commission's fault are improper, the clear language and intent of Section 13d supersedes such implication.

## IV. CONCLUSION

For these reasons, we find that the circuit court committed clear error in ruling (a) that the County Commission could not be named as a nonparty defendant under West Virginia Code § 55-7-13d and (b) that March-Westin had to meet the deliberate-intention standard before fault could be assigned to the County Commission. Accordingly, we grant the writ of prohibition and remand this case to the circuit court for further proceedings consistent with this opinion.

Writ granted.